Ashburn, J.
Plaintiff in error (defendant below) alleges that the court of common pleas erred in this:
I. That the said court erred in ruling out the testimony of S. A. Baxter, Sr., as appears in the bill of exceptions.
II. That the said court erred in refusing to allow Samuel A. Baxter, Sr., to testify, and in refusing to allow the introduction of the book of original entries kept by said Samuel A. Baxter, as appears from the bill of exceptions.
III. That the judgment of said court was for the plaintiffs, when it should have been for the defendant.
On the trial, the defendant, Baxter, to maintain the issue-on his part, offered testimony as follows :
“ S. A. Baxter, Sr., the' defendant, being duly sworn, says:
“ I purchased this lime from Mr. Back ; I admit the getting of this lime.
“Ques. Under what contract was this lime purchased by you ?
“Ans. Under a contract with Mr. Back.
“ [Plaintiffs’ attorney moves the court to rule above answer out. Motion overruled, and plaintiff excepts to said overruling.]
*87 “Ques. What contract did you make with Mr. Back for the delivery of this lime ?
“ [Plaintiffs object. Objection overruled and exception taken.]
“Ans. In October, 1866,1 agreed to let Mr. Back have a lot of wood and take it in lime ; in the fore part of October, 1866 — about -the first — the wood was delivered to Mr. Back as agreed ; some he was to haul, and some I was to haul, and it was delivered as agreed ; November 17,1866, I received eighty bushels of lime at twenty-five cents per bushel; and November 23, 1866, I received sixty bushels; December 5th I received fifty bushels of lime; this is the first charged for in the petition; January 7, 1867, I received one hundred bushels; March 6, 1867, I received thirty-five bushels; the same day I paid Mr. Back four dollars ; March 7,1867, I received twenty-five bushels; also fifty bushels when I was sick; this was March 19, 1867; January 15, 1867,1 paid Mr. Back two dollars in full of the whole account.
“ [Plaintiffs move the court to rule the above answer out. Motion sustained. Excepted to by defendant.]”
Plaintiff in error claims that the court erred in ruling that the last answer of the witness, Baxter, was not competent testimony.
To determine the correctness of this ruling it will be necessary to consider the effect and force of the second clause of the sixth exception to section 313 of the code of civil practice, as amended April 18, 1870, 67 Ohio L. 113.
It is as follows :
“ In all actions by or against a surviving partner or partners, or a surviving joint contractor or contractors, no adverse party to the suit shall be competent to testify to transactions which took place with, or declarations or admissions made by, the deceased partner or joint contractor, in the absence of his surviving partner, or joint contractor.”
It is clear from the facts in this case that the account, on which this action is founded, was created during the time *88 the firm of Back & Leith was doing business. The firm was organized about the last of October, 1866, or the first of November, and continued until some time in 1867, when Back died.
It is claimed by Baxter that sometime in the forepart of October, 1866, be contracted wood to Back to be paid for in lime, and that the account for lime embraced in this action was received by him on that contract, and that Back received the pay from him in wood for the lime. This is the state of fact Baxter proposed to prove by his own testimony.
As the plaintiff, Crawford Leith, was the surviving partner of the late firm of Back & Leith, Baxter, the defendant, was an adverse party, and, under the provisions of the law, incompetent, to testify to transactions which took place with the deceased partner in the absence of the surviving partner.
Baxter claims he made the contract for the lime with Back, that he received the same from Back and paid him for it. Erom the very nature of his defense, his whole transaction, in relation to the lime, was with the deceased partner for all the lime delivered within the dates of the account. There is no claim that the firm of Back & Leith agreed to carry out the alleged contract between Back & Baxter, or that the firm had in any way acquiesced in any agreement to pay Back’s debt with the property of the partnership.
That Baxter was an incompetent witness in the action, because his testimony related almost w7holly to transactions with the deceased partner, is manifest. He says, in the answer ruled out, among other things, “ March 6, 1867, I received thirty-five bushels, and same day I paid Mr. Back four dollars. . . . January 15, 1867, I paid Mr. Back two dollars in full of the whole account.” It is nowhere shown or claimed that the surviving partner was present at any of these transactions..
We think the court did not err in that ruling.
*89 The witness, Baxter, was then asked :
Ques. Have you any book account showing the delivery -of wood to Mr. Back, and receipts of lime from him ?
Ans. I have ; it is here.
Ques. Who were the entiles made by ?
Ans. By myself.
Ques. Are the entries in the book correct ?
Ans. They are.
Defendant offers in testimony the book mentioned above. Plaintiffs thereupon objected. Objection sustained by the ■court.
The fifth exception to the excluding rule of section 813 provides: “ In actions of either of the classes above specified, in which the action or defense is founded on book accounts, a party may testify to his account book — that the ■saméis a book of original entries, that the entries in the same were made by himself, or by a deceased person, or by .a disinterested person, non-resident of the state at the time of trial; and on such authentication of the account book and entries, said book and entries shall be admissible evidence in the case.” 67 Ohio L. 113.
The book and accounts, to be admissible as evidence upon testimony of the party, must come within a specified class, •one of the classes specified in section 313, and designated as one “ of the above classes above specified.” The classes ■specified in section 313 are: 1. Where the adverse party is the guardian or trustee of a child or children of a deceased person; 2. Where the adverse party is the executor or administrator of a deceased person; 3. Where the adverse party is a party claiming or defending as heir or devisee of a deceased person.
No other cases are provided for, in which the adverse party is a competent witness to prove the book to be a book of original entries. As the book offered by Baxter In evidence was not shown by competent testimony to be a book of original entries, it was properly rejected by the court.
The book was properly excluded on another considera *90 tion. Baxter, in his answer and in his testimony, claims the goods were delivered on a special contract with Back. Hence, the matter in issue could not be the subject of book account by Baxter, and the book was not admissible to prove the alleged contract or its execution.
Judgment of the court of common pleas affirmed, and cause remanded for further proceedings.